**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| VANROBOYS TRUCKING, LTD., | |
| *Plaintiff*, | |
| v. | Civil Action No. 25 - 3123 (LLA) |
| ADAM S. OLSEN, | |
| *Defendant*. | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Vanroboys Trucking, Ltd., brings this action against Defendant Adam S. Olsen for breach of contract.  ECF No. 1 ¶¶ 7-16.  After Mr. Olsen failed to respond to the complaint, the Clerk of Court entered a default against him pursuant to Federal Rule of Civil Procedure 55(a).  ECF No. 7.  Vanroboys Trucking has now moved for a default judgment under Rule 55(b), seeking $160,074.23 plus post-judgment interest.  ECF No. 8, at 2.  For the reasons explained below, the court grants the motion to the extent that it enters a default judgment on liability against Mr. Olsen, but it will require further information from Vanroboys Trucking to substantiate the company's damages claim.

### I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For purposes of a motion for default judgment, the court accepts Vanroboys Trucking's well-pleaded allegations as true.  *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 115 (D.D.C. 2016). The court accordingly draws the following facts from Vanroboys Trucking's complaint, ECF No. 1, and its motion for default judgment, ECF No. 8.  *See Crescent Petrol. Co. Int'l v. Nat'l*

*Iranian Oil Co.*, No. 22-CV-1361, 2024 WL 1885498, at *1 (D.D.C. Apr. 30, 2024) (drawing facts from the petitioners' pleadings, declarations, and supporting exhibits).

In December 2022, Mr. Olsen sought a loan from Vanroboys Trucking's President and Chief Executive Officer, Steven Vanroboys. ECF No. 1 ¶ 8. The purpose of the loan was to support Mr. Olsen's lobbying firm, Sconset Strategies, LLC. *Id.* On December 16, 2022, the parties executed a promissory note under which Vanroboys Trucking loaned $100,000, to be repaid on or before January 16, 2023, with interest "at a rate of 15% per annum calculated monthly." *Id.* ¶¶ 11-12; *see* ECF No. 1-1.

Mr. Olsen did not make any payments to Vanroboys Trucking by the January 16, 2023 deadline. *See* ECF No. 1 ¶¶ 14-15; ECF No. 1-2; ECF No. 8-2, at 5.[1] Despite that, in April 2023, Vanroboys Trucking wired Mr. Olsen an additional $10,000 and paid a $2,000 service fee, ECF No. 1 ¶ 13; ECF No. 1-2, and in September 2025, it paid him an additional $2,500, ECF No. 8-2, at 5. In September 2023, Mr. Olsen made a $2,500 payment to Vanroboys Trucking, ECF No. 1 ¶ 14, and he made additional payments totaling $8,400 between February 2024 and September 2025, ECF No. 8-2, at 5. All told, Mr. Olsen repaid $10,900. ECF No. 8-2, at 5.[2]

Vanroboys Trucking filed suit in September 2025, alleging that Mr. Olsen had breached the contract by failing to repay the $100,000 loan in accordance with the terms of the promissory note. ECF No. 1. Vanroboys Trucking sought $152,745.19 in unpaid principal and interest, as well as pre-judgment and post-judgment interest. *Id.* at 3. The Clerk of Court issued a summons the next day, ECF No. 3, and Vanroboys Trucking effected service on Mr. Olsen thereafter, ECF

---

[1] When citing ECF No. 8-2, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

[2] In an exhibit to its motion for a default judgment, ECF No. 8-2, Vanroboys Trucking provides the most up-to-date numbers, which is what the court will use.

No. 4.    After Mr. Olsen failed to respond to the complaint or otherwise appear in the case, Vanroboys Trucking moved for entry of default pursuant to Rule 55(a), ECF Nos. 5, 6, which the Clerk of Court entered, ECF No. 7.    In December 2025, Vanroboys Trucking filed a motion for default judgment and sought a sum of $160,074.23 plus post-judgment interest.    ECF No. 8.

## II.    LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure provide for default judgments . . . [to] safeguard plaintiffs 'when the adversary process has been halted because of an essentially unresponsive party,'" and to protect "'the diligent party . . . lest he be faced with interminable delay and continued uncertainty as to his rights.'"    *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).    A court may therefore "enter default judgment [under Federal Rule of Civil Procedure 55(b)(2)] when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics."    *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006).    Default judgment is appropriate only when the defendant is "a totally unresponsive party and its default [is] plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment."    *Edwards v. Charles Schwab Corp.*, No. 19-CV-3614, 2022 WL 839636, at *1 (D.D.C. Feb. 14, 2022) (internal quotation marks omitted) (quoting *Flynn v. JMP Restoration Corp.*, No. 10-CV-102, 2010 WL 1687950, at *1 (D.D.C. Apr. 23, 2010)).

A plaintiff must complete two steps to obtain a default judgment.    *See* Fed. R. Civ. P. 55. First, it must ask the Clerk of Court to enter default based on the defendant's failure "to plead or otherwise defend" itself in response to the complaint.    *Id.* R. 55(a).    Second, after the Clerk has entered default, the plaintiff must file a motion for default judgment and provide notice of the same to the defaulting party.    *Id.* R. 55(b)(2).    Once a plaintiff has satisfied both procedural steps, "[t]he

determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008).

A "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)). However, "the defendant's default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Denson v. DC Rest. Holdings, Inc.*, No. 19-CV-1609, 2021 WL 4988994, at *1 (D.D.C. Oct. 27, 2021) (quoting *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 27 (D.D.C. 2008)). Additionally, "[a]lthough the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. The plaintiff "must prove [its] damages to a reasonable certainty." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011). In ruling on a motion for default judgment, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30.

### III.    DISCUSSION

The court begins by assessing whether Vanroboys Trucking has satisfied the procedural requirements for a default judgment. It then considers Mr. Olsen's liability for breaching the promissory note and assesses Vanroboys Trucking's claim for damages.

### A.    Service and Default

Default judgment can only be entered against a party that has defaulted on his obligation to respond to the complaint. *See Peak*, 236 F.R.D. at 15-16. The obligation to respond is triggered by proper service of process. *See* Fed. R. Civ. P. 12(a)(1)(A). Thus, "[a] default 'cannot be entered where there was insufficient service of process.'" *Radiant Glob. Logistics, Inc. v. Am. Indep. Distillery Coop.*, No. 20-CV-3239, 2021 WL 5416633, at *3 (D.D.C. Nov. 19, 2021) (quoting *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009)). Vanroboys Trucking has the burden of proving that service was proper. *See Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012); *Myeress v. ProAm Dance Team NYC LLC*, No. 18-CV-109, 2019 WL 1011336, at *3 (D.D.C. Mar. 4, 2019).

Vanroboys Trucking has met its burden of proving proper service on Mr. Olsen. Under Rule 4(e), a plaintiff may serve an individual by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2). Service of process must be effected by someone "who is at least 18 years old and not a party" to the action. *Id.* R. 4(c)(1). Here, Vanroboys Trucking's process server personally served Mr. Olsen with a summons and a copy of the complaint on October 2, 2025 at Mr. Olsen's residence in the District of Columbia. ECF No. 4.

Upon proper service, Mr. Olsen's response to the complaint was due twenty-one days later, on October 23, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i); *see* Oct. 8, 2025 Docket Entry. After Mr. Olsen did not respond to the complaint, Vanroboys Trucking filed an affidavit of default. ECF Nos. 5, 6. The Clerk of Court entered default against Mr. Olsen on October 30, 2025, ECF No. 7, and a copy of the default was mailed to his address of record the following day. Vanroboys Trucking thereafter filed a motion for default judgment on December 8, 2025. ECF

No. 8.  Despite proper service of the complaint, the entry of default, and Vanroboys Trucking's motion for a default judgment, Mr. Olsen has failed to appear in the case.  The court thus finds that Mr. Olsen has been "'totally unresponsive'" and "willful[ly]" in default, *Edwards*, 2022 WL 839636, at *1 (quoting *Flynn*, 2010 WL 1687950, at *1), and it will turn to Mr. Olsen's liability for breach of contract.

## B.    Liability

To state a claim for breach of contract under District of Columbia law,[3] a party must establish: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by [the] breach." *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015) (quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)).  Here, Vanroboys Trucking's well-pleaded allegations and exhibits establish that Mr. Olsen breached the promissory note by failing to repay the loan.  The promissory note provided that Mr. Olsen would pay Vanroboys Trucking $100,000 with interest at an annual rate

---

[3] Vanroboys Trucking does not address which jurisdiction's law applies to this diversity action. *See generally* ECF Nos. 1, 8.  "When exercising its diversity jurisdiction, the Court applies the choice-of-law rules of the forum jurisdiction"—here, the District of Columbia. *Radosti v. Envision EMI, LLC*, 717 F. Supp. 2d 37, 59 (D.D.C. 2010).  Under District of Columbia law, "the court must first determine if there is a conflict between the laws of the relevant jurisdictions." *Young Women's Christian Ass'n of the Nat'l Cap. Area, Inc. v. Allstate Ins. Co. of Can.*, 275 F.3d 1145, 1150 (D.C. Cir. 2002).  The relevant jurisdictions here are Ontario, Canada, where Vanroboys Trucking maintains its principal place of business, and the District of Columbia, where Mr. Olsen resides.  ECF No. 1 ¶¶ 1-2.  There is no relevant conflict between Ontario and District of Columbia law that "would result in different outcomes" in this case. *Krukas v. AARP, Inc.*, 376 F. Supp. 3d 1, 28 (D.D.C. 2019); *see Armenante v. Flying Colours Corp.*, No. 25-CV-3378, 2026 WL 775666, at *4 (S.D.N.Y. Mar. 19, 2026) ("[U]nder Ontario law, 'the essential elements for a cause of action in breach of contract are the existence of a contract and its wrongful breach." (quoting *Dundurn No. 314 (Rural Municipality) v. Canada (Attorney General)*, 2025 F.C. 366, para. 31 (Can.))).  Accordingly, "[i]t is unnecessary to engage in a conflict of laws analysis," *Young Women's Christian Ass'n*, 275 F.3d at 1150, and District of Columbia law applies by default, *see Krukas*, 376 F. Supp. 3d at 27.

6

of 15%, calculated monthly, on or before January 16, 2023.  ECF No. 1-1.  Mr. Olsen failed to repay the loan by that deadline, and, to date, he has reimbursed Vanroboys only $10,900.  *See* ECF No. 8-2, at 5.  These allegations sufficiently state a claim for breach of contract.  *See Blau v. Nowicki*, 736 F. Supp. 2d 165, 167-68 (D.D.C. 2010) (granting default judgment for an unpaid promissory note).

### C.    Damages

After finding Mr. Olsen liable, the court must make an independent determination of the appropriate sum for a default judgment based on affidavits and other supporting documentation. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30.  The court concludes that Vanroboys Trucking has not provided sufficient information for the court to determine the amount of damages owed.

In ascertaining damages for a breach of contract, "the measure of damages that a court must apply is 'the amount necessary to place the non-breaching party in the same position [it] would have been in had the contract been performed.'"  *Mashack v. Superior Mgmt. Servs., Inc.*, 806 A.2d 1239, 1241 (D.C. 2002) (quoting *Rowan Heating-Air Conditioning-Sheet Metal v. Williams*, 580 A.2d 583, 585 (D.C. 1990)).  Vanroboys Trucking seeks "$160,074.23 in principal and interest" plus post-judgment interest, ECF No. 8-2, at 2 ¶ 13; *see* ECF No. 8, at 2, but its damages calculation has several key defects.

First, Vanroboys Trucking's calculation of interest does not reflect an annual interest rate of 15% calculated monthly.  Under the promissory note, which was executed on December 16, 2022, Vanroboys Trucking was owed $101,250 when payment was due on January 16, 2023—the principal of $100,000 plus accrued interest of $1,250 (15% per annum calculated monthly).  *See* ECF No. 1-1.  But Vanroboys Trucking's calculation states that accrued interest after one month was $1,273.97, ECF No. 8-2, at 5, which would appear to be correct if the promissory note required

that interest be calculated *daily*, not *monthly*. That error permeates its damages calculation. *Id.* (calculating interest by days).

Next, Vanroboys Trucking's calculation appears to include attempts to recoup additional payments to Mr. Olsen outside the scope of the promissory note. Specifically, Vanroboys Trucking's damages exhibit, *id.*, includes the $12,000 loan and $2,500 payment the company made to Mr. Olsen in April 2023 and September 2025, respectively, but the promissory note on which it brings suit was for $100,000, ECF No. 1-1, and it has not brought suit concerning any other loans or payments to Mr. Olsen.

Finally, Vanroboys Trucking's damages exhibit indicates that the loan amount was $110,000, ECF No. 8-2, at 5, but the promissory note contemplated a loan of $100,000, ECF No. 1-1.

For these reasons, the court cannot determine damages on the current record. Accordingly, the court will grant Vanroboys Trucking's motion for default judgment as to liability, but it will refrain from entering judgment at this time. *See, e.g.*, *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Glenn's Bldg. Servs., Inc.*, No. 14-CV-1942, 2016 WL 1452328, at *1-3 (D.D.C. Apr. 13, 2016) (granting a motion for default judgment as to liability but denying it as to damages). Instead, the court will provide Vanroboys Trucking the opportunity to file a renewed motion concerning damages on or before October 5, 2026.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Vanroboys Trucking's Motion for Default Judgment, ECF No. 8, is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. It is further **ORDERED** that Vanroboys Trucking may file a renewed motion substantiating its damages claim on or before October 5, 2026.

**SO ORDERED.**

_____

LOREN L. ALIKHAN
United States District Judge

Date:   August 4, 2026