**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VANROBOYS TRUCKING, LTD., *Plaintiff*, v. ADAM S. OLSEN, *Defendant*. | Civil Action No. 25 - 3123 (LLA) |

**MEMORANDUM OPINION**

Plaintiff Vanroboys Trucking, Ltd., brings this action against Defendant Adam S. Olsen for breach of contract. ECF No. 1. After Mr. Olsen failed to respond to the complaint, the Clerk of Court entered a default against him pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 7. Vanroboys Trucking thereafter moved for a default judgment under Rule 55(b), ECF No. 8, which the court granted as to liability but denied as to damages because the company had not properly substantiated its damages, ECF No. 10. Vanroboys Trucking has now filed a renewed motion for default judgment as to damages. ECF No. 11. For the reasons explained below, the court will grant Vanroboys Trucking's renewed motion and enter judgment in favor of Vanroboys Trucking and against Mr. Olsen in the amount of $163,562.68, plus post-judgment interest.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For purposes of a motion for default judgment, the court accepts Vanroboys Trucking's well-pleaded allegations as true. *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 115 (D.D.C. 2016). The court accordingly draws the following facts from Vanroboys Trucking's complaint, ECF

No. 1, its first motion for default judgment, ECF No. 8, and its renewed motion for default judgment, ECF No. 11. *See Crescent Petrol. Co. Int'l v. Nat'l Iranian Oil Co.*, No. 22-CV-1361, 2024 WL 1885498, at *1 (D.D.C. Apr. 30, 2024) (drawing facts from the petitioners' pleadings, declarations, and supporting exhibits).

In December 2022, Mr. Olsen sought a loan from Vanroboys Trucking's President and Chief Executive Officer, Steven Vanroboys. ECF No. 1 ¶ 8. The purpose of the loan was to support Mr. Olsen's lobbying firm, Sconset Strategies, LLC. *Id.* On December 16, 2022, the parties executed a promissory note under which Vanroboys Trucking loaned $100,000, to be repaid on or before January 16, 2023, with interest "at a rate of 15% per annum calculated monthly." *Id.* ¶¶ 11-12; *see* ECF No. 1-1 (promissory note).

Mr. Olsen did not make any payments to Vanroboys Trucking by the January 16, 2023 deadline. *See* ECF No. 1 ¶¶ 14-15; ECF No. 11-1, at 5.[1] In September 2023, Mr. Olsen made a $2,500 payment to Vanroboys Trucking, ECF No. 11-1, at 5, and he made additional payments totaling $8,400 between February 2024 and September 2025, *see id.*[2] All told, Mr. Olsen repaid $10,900. *Id.*

Vanroboys Trucking filed suit in September 2025, alleging that Mr. Olsen had breached the contract by failing to repay the $100,000 loan in accordance with the terms of the promissory note. ECF No. 1. Vanroboys Trucking sought $152,745.19 in unpaid principal and interest, as well as pre-judgment and post-judgment interest. *Id.* at 3. The Clerk of Court issued a summons the next day, ECF No. 3, and Vanroboys Trucking effected service on Mr. Olsen thereafter, ECF

[1] When citing ECF Nos. 8-2 and 11-1, the court refers to the CM/ECF-generated numbers at the top of each page rather than to any internal pagination.

[2] Vanroboys Trucking attached an exhibit to its renewed motion for default judgment providing the most up-to-date numbers, *see* ECF No. 11-1, at 5, which is what the court will use.

No. 4. After Mr. Olsen failed to respond to the complaint or otherwise appear in the case, Vanroboys Trucking moved for entry of a default pursuant to Federal Rule of Civil Procedure 55(a), ECF Nos. 5, 6, which the Clerk of Court entered, ECF No. 7. In December 2025, Vanroboys Trucking filed a motion for default judgment and sought a sum of $160,074.23, plus post-judgment interest. ECF No. 8.

In August 2026, the court granted Vanroboys Trucking's motion for default judgment as to liability, concluding that Mr. Olsen had breached the promissory note by failing to repay the loan. ECF No. 10, at 6-7. But the court determined that errors in the company's damages submission precluded entry of a damages award. *Id.* at 8. Specifically, the court found that Vanroboys Trucking had miscalculated the interest that had accrued on the promissory note (calculating it as accruing daily rather than monthly), that it was claiming damages for unrelated loans to Mr. Olsen, and that it had misrepresented the initial loan amount as $110,000 and not $100,000. *Id.* at 7-8; *see* ECF No. 8-2, at 5. The court therefore denied Vanroboys Trucking's request for damages without prejudice and provided the company an opportunity to substantiate its damages claim through a renewed motion. ECF No. 10, at 8. Later that month, Vanroboys Trucking filed a renewed motion for default judgment, in which the company now seeks a sum of $157,579.29, plus post-judgment interest. ECF No. 11.

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure provide for default judgments . . . [to] safeguard plaintiffs 'when the adversary process has been halted because of an essentially unresponsive party,'" and to protect "'the diligent party . . . lest he be faced with interminable delay and continued uncertainty as to his rights.'" *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). A court may therefore "enter

default judgment [under Rule 55(b)(2)] when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics." *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006). Default judgment is appropriate only when the defendant is "a totally unresponsive party and its default [is] plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Edwards v. Charles Schwab Corp.*, No. 19-CV-3614, 2022 WL 839636, at *1 (D.D.C. Feb. 14, 2022) (internal quotation marks omitted) (quoting *Flynn v. JMP Restoration Corp.*, No. 10-CV-102, 2010 WL 1687950, at *1 (D.D.C. Apr. 23, 2010)).

A plaintiff must complete two steps to obtain a default judgment. *See* Fed. R. Civ. P. 55. First, it must ask the Clerk of Court to enter a default based on the defendant's failure "to plead or otherwise defend" itself in response to the complaint. *Id.* R. 55(a). Second, after the Clerk has entered a default, the plaintiff must file a motion for default judgment and provide notice of the same to the defaulting party. *Id.* R. 55(b)(2). Once a plaintiff has satisfied both procedural steps, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008).

A "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)). However, "the defendant's default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Denson v. DC Rest. Holdings, Inc.*, No. 19-CV-1609, 2021 WL 4988994, at *1 (D.D.C. Oct. 27, 2021) (quoting *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 27 (D.D.C. 2008)). Additionally, "[a]lthough the default

establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. The plaintiff "must prove [its] damages to a reasonable certainty." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011). In ruling on a motion for default judgment, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30.

## III. DISCUSSION

In its previous opinion, the court determined that Vanroboys Trucking had satisfied the procedural requirements for a default judgment and that Mr. Olsen had breached the promissory note by failing to repay his loan to the company, establishing liability. ECF No. 10, at 6-7. In ascertaining damages for a breach of contract, "the measure of damages that a court must apply is 'the amount necessary to place the non-breaching party in the same position [it] would have been in had the contract been performed.'" *Mashack v. Superior Mgmt. Servs., Inc.*, 806 A.2d 1239, 1241 (D.C. 2002) (quoting *Rowan Heating-Air Conditioning-Sheet Metal v. Williams*, 580 A.2d 583, 585 (D.C. 1990)). In its renewed motion, Vanroboys Trucking seeks "an amount of $157,579.29 plus post-judgment interest." ECF No. 11, at 2; *see* ECF No. 11-1, at 5. The court concludes that Vanroboys Trucking has substantiated its claim for damages and will enter a final judgment of $163,562.68 in damages, plus post-judgment interest, in favor of the company and against Mr. Olsen.

In its renewed motion, Vanroboys Trucking corrects the errors the court identified in its previous submission. *See* ECF No. 11-1, at 5. The company, in its new damages exhibit, correctly states that the initial loan amount was $100,000, properly calculates an annual interest rate of 15% that accrues monthly, and accounts for the $10,900 Mr. Olsen has paid toward the loan. *Id.* The

damages exhibit establishes that by August 16, 2026—three days before Vanroboys Trucking filed its renewed motion—Mr. Olsen owed the company $157,579.29 on the original $100,000 promissory note. *Id.*

In its complaint, Vanroboys Trucking also requested pre-judgment interest at the 15% rate provided for in the promissory note and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961(a). ECF No. 1, at 3. In its renewed motion for default judgment, the company is silent about pre-judgment interest and requests only post-judgment interest. *See* ECF No. 11, at 2. Nonetheless, whether to award pre-judgment interest is usually "a question that rests within this Court's discretion, subject to equitable considerations." *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 58 (D.D.C. 2012). "[T]he court has ample discretion to include prejudgment interest . . . if necessary to fully compensate the plaintiff and [t]he court usually should award [prejudgment interest] in such cases absent some justification for withholding such an award." *Wash. Inv. Partners of Del. v. Secs. House, K.S.C.C.*, 28 A.3d 566, 581 (D.C. 2011) (alterations in original) (internal quotation marks omitted). Under D.C. law, "[s]tatutes providing for prejudgment interest are [ ] remedial and should be generously construed so that the wronged party can be made whole." *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 732 (D.C. 2003) (internal quotation marks omitted). In particular, D.C. Code § 15-108 provides that "[i]n an action in the United States District Court for the District of Columbia . . . [,] to recover a liquidated debt on which interest is payable by contract[,] . . . the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid." Section 15-108 "allows little, if any, room for weighing equities." *District of Columbia v. Potomac Elec. Power Co.*, 402 A.2d 430, 441 (D.C. 1979); *see CapitalKeys, LLC v.*

*Democratic Republic of Congo*, 278 F. Supp. 3d 265, 275 (D.D.C. 2017) (describing the District's pre-judgment interest statute as "mandatory").

Mr. Olsen's debt to Vanroboys Trucking satisfies the terms of Section 15-108. First, "[a] liquidated debt is one which at the time it arose . . . was an easily ascertainable sum certain." *Steuart Inv. Co. v. The Meyer Grp., Ltd.*, 61 A.3d 1227, 1240 (D.C. 2013) (alteration in original) (internal quotation marks omitted). That is certainly the case here, where Mr. Olsen borrowed a sum of $100,000. And the interest rate of 15%, calculated monthly, was expressly stated in the contract. *See* ECF No. 1-1, at 1; *cf. Giant Food, Inc. v. Jack I. Bender & Sons*, 399 A.2d 1293, 1302 (D.C. 1979) ("[I]t would be somewhat artificial to find the debt unliquidated where . . . the defaulting party[] knew the exact amount and terms of the contractual debt."). Accordingly, notwithstanding Vanroboys Trucking's failure to request pre-judgment interest in its renewed motion for default judgment, the company is entitled to pre-judgment interest under Section 15-108 at a rate of 15%, calculated monthly, for the months of September 2026 ($1969.74), October 2026 ($1994.36), and November 2026 ($2019.29), for a total judgment in the amount of $163,562.68.[3]

---

[3] Despite the language of Section 15-108, under which interest appears to accrue at the contractual rate until the debt is paid, courts in this district have awarded interest under Section 15-108 only until the judgment is entered. *See, e.g.*, *In Lux Rsch. v. Hull McGuire PC*, No. 23-CV-523, 2025 WL 2689151, at *7-8 (D.D.C. Sep. 19, 2025); *D&E Sec. & Logistics, LLC v. 650 Lamont BL LLC*, No. 22-CV-3775, 2023 WL 10553625, at *3 (D.D.C. July 28, 2023); *Irazabal v. 201 Kennedy St. Holdings, LLC*, 21-CV-1378, 2022 WL 4365736, at *4 (D.D.C. Sep. 21, 2022). In contrast, the D.C. Court of Appeals has held that interest under Section 15-108 continues to accrue "until th[e] judgment is *satisfied*." *Giant Food*, 399 A.2d at 1305 (emphasis added). Given Vanroboys Trucking's decision to "seek post-judgment interest at the applicable Federal rate," ECF No. 1, at 3; *see* ECF No. 11 at 2 (seeking "post-judgment interest"), rather than continued interest at the contractual rate under Section 15-108, the court will award interest at the contractual rate through the date of this judgment—November 16, 2026—and then consider whether to award post-judgment interest *infra*.

Vanroboys Trucking also requests post-judgment interest. ECF No. 11, at 2. "Post-judgment interest is governed by federal law, even in a case in which a federal court hears only state-law claims." *Lanny J. Davis & Assocs. LLC v. Republic of Equatorial Guinea*, 962 F. Supp. 2d 152, 165 (D.D.C. 2013). Awarding post-judgment interest under 28 U.S.C. § 1961(a) is "mandatory, not discretionary." *Bazarian Int'l Fin. Assocs., LLC v. Desarollos Hotelco, C.A.*, 342 F. Supp. 3d 1, 25 (D.D.C. 2018) (quoting *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1102 (9th Cir. 2011)). Vanroboys Trucking is thus entitled to recover post-judgment interest against Mr. Olsen at the statutory rate. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## IV. CONCLUSION

For the foregoing reasons, the court will grant Vanroboys Trucking's Amended Motion for Entry of Final Default Judgment, ECF No. 11, and enter judgment in favor of Vanroboys Trucking and against Mr. Olsen in the amount of $163,562.68, plus post-judgment interest according to 28 U.S.C. § 1961. A contemporaneous order will issue.

LOREN L. ALIKHAN
United States District Judge

Date: November 16, 2026